814 A.2d 1121

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. PAUL OLSVARY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 15, 2003—Decided January 31, 2003.

Before Judges CONLEY, CARCHMAN and PARRILLO.

*James M. McGovern* argued the cause for appellant (*Lomurro, Davison, Eastman & Munoz,* attorneys; *Donald M. Lomurro* and *Michael J. Fasano,* on the brief).

*Mark P. Stalford,* Assistant Prosecutor, argued the cause for respondent (*John Kaye,* Monmouth County Prosecutor, attorney; *Mr. Stalford,* Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

CONLEY, P.J.A.D.

Following a guilty plea to fourth-degree criminal sexual contact, *N.J.S.A.* 2C:14–3b, and fourth-degree violation of a prior sentence of community supervision for life, *N.J.S.A.* 2C:43–6.4d,[1] defendant

---

[1] The community supervision for life had been imposed in 1998 as part of a sentence on defendant's 1998 conviction of endangering the welfare of a child, *N.J.S.A.* 2C:24–4a.

was sentenced to an extended term of three years on the *N.J.S.A.* 2C:43–6.4d conviction and a concurrent eighteen-month term on the *N.J.S.A.* 2C:14–3b conviction, along with the necessary fines and penalties. All agree that *N.J.S.A.* 2C:43–6.4e(1) mandates an "extended term of imprisonment" for persons who have, previously, been sentenced to a community supervision for life for certain sexual crimes, including defendant's prior conviction of *N.J.S.A.* 2C:24–4, where that person thereafter commits certain specific crimes, including defendant's present conviction of fourth-degree sexual contact under *N.J.S.A.* 2C:14–3. It is, as well, agreed that the Code provision which establishes the parameters to guide sentencing judges on extended terms of imprisonment, *N.J.S.A.* 2C:43–7a, and which makes reference to "the cases designated in subsection e of section 2 of *P.L.* 1994, *c.* 130 (*c.* 2C:43–6.4)," nonetheless, does not establish any parameters for a *N.J.S.A.* 2C:43–6.4e(1) mandated extended term.

▪ In full, *N.J.S.A.* 2C:43–7 provides:

a. In the cases designated in section 2C:44–3, a person who has been convicted of a crime may be sentenced, and in the cases designated in subsection e. of section 2 of P.L.1994, c. 130 (C. 2C:43–6.4), in subsection b. of section 2 of P.L.1995, c. 126 (C.2C:43–7.1) and in the cases designated in section 1 of P.L.1997, c. 410 (C. 2C:44–5.1), a person who has been convicted of a crime shall be sentenced, to an extended term of imprisonment, as follows:

(1) In case of aggravated manslaughter sentenced under subsection c. of *N.J.S.* 2C:11–4; or kidnapping when sentenced as a crime of the first degree under paragraph (1) of subsection c. of 2C:13–1; or aggravated sexual assault if the person is eligible for an extended term pursuant to the provisions of subsection g. of *N.J.S.* 2C:44–3 for a specific term of years which shall be between 30 years and life imprisonment;

(2) Except for the crime of murder and except as provided in paragraph (1) of this subsection, in the case of a crime of the first degree, for a specific term of years which shall be fixed by the court and shall be between 20 years and life imprisonment;

(3) In the case of a crime of the second degree, for a term which shall be fixed by the court between 10 and 20 years;

(4) In the case of a crime of the third degree, for a term which shall be fixed by the court between five and 10 years;

(5) *In the case of a crime of the fourth degree pursuant to 2C:43–6c. and 2C:44–3d. for a term of five years, and in the case of a crime of the fourth degree pursuant to*

*2C:43–6f. and 2C:43–6g. for a term which shall be fixed by the court between three and five years;*

(6) In the case of the crime of murder, for a specific term of years which shall be fixed by the court between 35 years and life imprisonment, of which the defendant shall serve 35 years before being eligible for parole;

(7) In the case of kidnapping under paragraph (2) of subsection c. of 2C:13–1, for a specific term of years which shall be fixed by the court between 30 years and life imprisonment, of which the defendant shall serve 30 years before being eligible for parole.

b.   As part of a sentence for an extended term and notwithstanding the provisions of 2C:43–9, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a. during which the defendant shall not be eligible for parole or a term of 25 years during which time the defendant shall not be eligible for parole where the sentence imposed was life imprisonment; provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole.

c.   In the case of a person sentenced to an extended term pursuant to 2C:43–6c., 2C:43–6f. and 2C:44–3d., the court shall impose a sentence within the ranges permitted by 2C:43–7a.(2), (3), (4) or (5) according to the degree or nature of the crime for which the defendant is being sentenced, which sentence shall include a minimum term which shall, except as may be specifically provided by N.J.S.2C:43– 6f., be fixed at or between one-third and one-half of the sentence imposed by the court or five years, whichever is greater, during which the defendant shall not be eligible for parole. Where the sentence imposed is life imprisonment, the court shall impose a minimum term of 25 years during which the defendant shall not be eligible for parole, except that where the term of life imprisonment is imposed on a person convicted for a violation of N.J.S.2C:35–3, the term of parole ineligibility shall be 30 years.

d.   In the case of a person sentenced to an extended term pursuant to N.J.S.2C:43–6g., the court shall impose a sentence within the ranges permitted by N.J.S.2C:43–7a(2), (3), (4) or (5) according to the degree or nature of the crime for which the defendant is being sentenced, which sentence shall include a minimum term which shall be fixed at 15 years for a crime of the first or second degree, eight years for a crime of the third degree, or five years for a crime of the fourth degree during which the defendant shall not be eligible for parole.   Where the sentence imposed is life imprisonment, the court shall impose a minimum term of 25 years during which the defendant shall not be eligible for parole, except that where the term of life imprisonment is imposed on a person convicted of a violation of N.J.S.2C:35–3, the term of parole eligibility shall be 30 years.

[Emphasis added.]

It is readily apparent from the face of the statute that the Legislature omitted any specific parameters for fourth-degree *N.J.S.A.* 43–6.4e(1) extended terms.

This became a major subject of defendant's negotiated plea. Ultimately, the plea agreement provided for a three-year term in the event the sentencing judge concluded the parameters for extended sentences on certain fourth-degree crimes set forth in *N.J.S.A.* 2C:43–7a(5) encompassed defendant's conviction of *N.J.S.A.* 2C:43–6.4d and the required extended term under *N.J.S.A.* 2C:43–6.4e(1). In the event the judge disagreed, the State agreed to probation with long-term inpatient treatment as a condition. Anticipating an appeal, the State also agreed to bail pending appeal in the event defendant was in a long-term inpatient treatment program at the time of sentencing.[2]

In acceding to the State's position, the sentencing judge said:

The legal issue in this case developed because under *N.J.S.A.* 2C:43–6.4e(1) "A person serving a special sentence of community supervision imposed pursuant to this section who commits a violation of," and then it lists a series of violations, and in this case, 2C:14–3 "shall be sentenced to an extended term of imprisonment." Under *N.J.S.A.* 2C:43–7a in the cases designated in subsection e of 2C:43–6.4 "a person who has been convicted of a crime shall be sentenced to an extended term of imprisonment as follows."

However, there is no specific sentence stated for a fourth degree offense in general under the extended term sentencing scheme and there is no specific sentence referenced for *N.J.S.A.* 2C:14–3 or *N.J.S.A.* 2C:43–6.4e(1).

The defense relies on *State v. Fair Lawn Service Center, Inc.,* 20 *N.J.* 468, 472, 120 *A.2d* 233 (1956), for the proposition that "A criminal statute without a penalty clause is of no force and effect." The defense also points to *State v. Hodge,* 95 *N.J.* 369, 374, 471 *A.2d* 389 (1984), where the Supreme Court said that "Statutes rendering criminal behavior and fixing the applicable penalties must do so in terms that cannot arguably be misunderstood and must be construed so as to avoid the unfairness of arbitrary enforcement." . . . .

The Court is well aware that criminal statutes must be strictly construed. *State v. Austin,* 335 *N.J.Super.* 486, 489, 762 *A.2d* 1052 (App.Div.2000). "It is also" and "also" is in parens, "well established in construing a statutory provision, courts must seek to fulfill the statutory objective so far as the terms of the legislature and proper consideration of the interest of those subject to it will fairly permit." *State v. Haliski,* 140 *N.J.* 1, 9, 656 *A.2d* 1246 (1995).

It is clear that under *N.J.S.A.* 2C:43–6.4e(1) and under *N.J.S.A.* 2C:43–7(a), the legislature intended that an extended term apply where a defendant pled or was

---

[2] The record indicates that, pending appeal, defendant is on $50,000 bail. We were told at oral argument that defendant has completed a long-term inpatient program and presently is in an aftercare program.

found guilty of criminal sexual contact and was serving a special sentence of community supervision for life. Should the apparent legislative oversight in not including *N.J.S.A.* 2C:43–6.4e(1) in *N.J.S.A.* 2C:43–7a(5) frustrate the imposition of an extended term in this case?

The general sentencing scheme for an extended term sentence as set forth in *N.J.S.A.* 2C:43–7 is to provide for a sentence one degree higher than the underlying crime unless the statute specifically provides otherwise.

Under *N.J.S.A.* 2C:43–7a(5), some fourth degree crimes exposed to extended terms carry a three to five year sentence and some a five year sentence. Therefore, the Court feels that a plea agreement calling for a mandated three year term for criminal sexual contact committed while on community supervision for life should be followed.

A three year sentence is certainly within the legislative scheme for extended term sentencing, and not to impose an extended term would clearly frustrate the legislative intent. The legislature has provided the penalty, an extended term, and despite the legislative oversight, it is clear to this Court that three years is an appropriate penalty in this case that would not deviate from the Legislative scheme in imposing extended terms.

"Where a statute fails to provide a penalty it has been uniformly held that it is beyond the power of the Court to prescribe a penalty." *State v. Fair Lawn Service Center, supra,* 20 *N.J.* at 473, 120 *A.*2d 233. *See also State v. Hodge, supra,* 95 *N.J.* at 374, 471 *A.*2d 389 ("statutes rendering behavior criminal and fixing applicable penalties must do so in terms that cannot be originally misunderstood and must be construed 'so as to avoid the unfairness of arbitrary enforcement.'"). The sentencing judge recognized these were the governing principles and properly observed that a form of penalty, an extended term, was specified by the Legislature.

But the difficulty here is that the Legislature has specified only half a penalty where a defendant has committed an offense that subjects him or her to an extended term under *N.J.S.A.* 2C:43–6.4e(1). That is to say, it has mandated that the sentence to be imposed must be "extended." But "extended" to what? As reflected by our own recitation in full of the Code provisions which fill in the "to what," *N.J.S.A.* 2C:43–7, the "to what" is not provided for an *N.J.S.A.* 2C:43–6.4d fourth-degree offense. A sentencing judge's discretion then, is, literally, unbridled.

▉ Penal statutes, of course, must be strictly construed. *E.g., State v. Carbone*, 38 *N.J.* 19, 24, 183 *A.*2d 1 (1962); *State v. Meinken*, 10 *N.J.* 348, 352, 91 *A.*2d 721 (1952). Crimes and their sanctions must be defined with appropriate definiteness. *See State v. Fair Lawn Service Center, Inc., supra,* 20 *N.J.* at 472, 120 *A.*2d 233. But not all penal ambiguities are fatal. Thus, it has generally been said that "in case of doubt concerning the severity of the penalty prescribed by a statute construction will favor a milder penalty over a harsher one." 3 Sutherland, *Statutory Construction,* Sec. 59.03 at 7 (4 ed. Sands 1974). For example, in *In re DeMarco Suspension,* 83 *N.J.* 25, 414 *A.*2d 1339 (1980), the penalty statute applicable to a doctor, who had had his license revoked for causing ninety-two cases of hepatitis, was ambiguous as to whether a $200 penalty should be imposed on each case or on the overall conduct. The Court opted for $200 a case, observing:

The rule that penal statutes are to be strictly construed has as its heart the requirement of due process. No one shall be punished for a crime unless both that crime and its punishment are clearly set forth in positive law. It does not invariably follow, however, that every time someone can create an argument as to the meaning of a penal sanction, the statute is impermissibly vague, or that the lowest penalty arguably applicable must be imposed. Numerous cases have rejected this approach....

The question ultimately is one of fairness, given the statute and its provisions, and given the situation of the defendant. Should he have understood that his conduct was proscribed, should he have understood that the penalty about to be imposed was the sanction intended by the Legislature? The test is whether the statute gives a person of ordinary intelligence fair notice that his conduct is forbidden and punishable by certain penalties.

[*Id.* at 36, 414 *A.*2d 1339.]

Here, there is no ambiguity—the plain fact is the only statutory provision, *N.J.S.A.* 2C:43–7, that could supply the necessary parameters for an extended term under *N.J.S.A.* 2C:43–6.4e(1) does not do so. And, we cannot agree with the State or the sentencing judge that *N.J.S.A.* 2C:43–7 establishes a clear pattern that mandated extended terms should follow the range established for the next higher degree crime. With specific exceptions, that is the scheme established for first-, second- and third-degree crimes warranting extended terms. *N.J.S.A.* 2C:43–7a(2),(3),(4). But fourth-degree crimes are differently treated in that *N.J.S.A.*

2C:43–7a(5) provides for specific set ranges depending upon the precise crime.

Moreover, that the Legislature understood the need to expressly set forth in *N.J.S.A.* 2C:43–7 the range of an extended term applicable to a particular crime or type of crime is reflected by the fact that when it has enacted separate provisions mandating an extended term, *N.J.S.A.* 2C:43–7 has been simultaneously amended to include reference to that crime and to establish a specific range therefore. *See L.* 1997, *c.* 410, § 2; *L.* 1995, *c.* 126, § 3; *L.* 1994, *c.* 130, § 3; *L.* 1990, *c.* 87, § 3.[3] Indeed, the legislative history of these amendments reflects a correction "by the Legislative Counsel with the concurrence of the Attorney General under the authority of § 1:3–1" for omission of the necessary specificity in the *L.* 1994, *c.* 130, § 3 amendment. Interestingly, it was the same amendment which provided for an extended term under *N.J.S.A.* 2C:43–6.4e(1) and made general reference to that in *N.J.S.A.* 2C:43–7(a) but omitted a specific range for the offense in subsection (5). Yet the Legislative Counsel failed to correct this oversight while another "oversight" in that amendment was corrected. Moreover, had it done so, would the correction have been to add a general provision in *N.J.S.A.* 2C:43–7a(5) to the effect that an extended term in general for fourth-degree crimes would be set by the sentencing court between three to five years? Or, perhaps, where the fourth-degree crime involves an *N.J.S.A.* 2C:43–6.4d violation of a community supervision for life, would the discretion of the sentencing judge have been governed by a range of eighteen months to three years, or eighteen months to five years? That, of course, is not for us to fathom. That is a matter for the Legislature.

---

[3] Where the offense for which an extended term is imposed is a first, second or third degree offense, the amendment to *N.J.S.A.* 2C:43–7 simply adds the statutory designation for the offense to section (a) as subsections (2), (3) and (4) already provide for the parameters of extended term for such offenses. But when the extended term is imposed on a fourth-degree offense, the amendment therefore not only adds the statutory designation to section (a), but also adds to subsection (5) a specific term for the offense.

We, like the sentencing judge, are loath to frustrate the plain intent of *N.J.S.A.* 2C:43–6.4e(1). But we are convinced that omission of the parameters within which a sentencing judge may impose such an extended term is fatal. Without the parameters, the sentencing judge's discretion becomes unfettered, a result that is not countenanced. If we are wrong, the Supreme Court will tell us. If we are not, the Legislature will fix it.

Defendant's three-year sentence on the fourth-degree conviction of *N.J.S.A.* 2C:43–6.4d is reversed and remanded for further proceedings consistent with this opinion and with the parties' plea agreement. Since, it appears that defendant has already served the long-term inpatient program, it may be that all that is required on remand is to enter a corrected judgment vacating the three-year term and imposing a period of probation with such other conditions as may be consistent with the agreement.

Reversed and remanded.